# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MORRIS WALLER,

        Petitioner,                        Case Number: 2:09-CV-11024

v.                                                    HON. VICTORIA A. ROBERTS

C. ZYCH,

        Respondent.
_____/

## **OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

Petitioner Morris Waller filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' (BOP) decision to deny him early release benefits under 18 U.S.C. §3621(e). Respondent has filed a Motion to Dismiss on the ground that the petition has been rendered moot because the BOP has changed Petitioner's eligibility status and he is now eligible for early release benefits. For the reasons set forth below, the Court grants the Motion to Dismiss.

## I.

Petitioner was convicted in the United States District Court for the Eastern District of Michigan of conspiracy to distribute five or more kilograms of cocaine, 21 U.S.C. § 846; and conspiracy to launder monetary instruments, 18 U.S.C. §§ 1956(a)(1)(A)(I), 1956(h). On November 16, 2005, he was sentenced to 60-months' imprisonment and five years supervised release.

Petitioner was approved for admission into the BOP's Residential Drug Abuse Program, and began participating on May 30, 2009. The BOP has discretion to reduce an inmate's

sentence by up to one year if the inmate was convicted of a qualifying offense and successfully completes the RDAP.  18 U.S.C. § 3621(e)(2)(B).  Petitioner was notified that, while he was eligible to participate in the RDAP, he would not be considered for the early release benefit.

In December 2008, Petitioner filed an administrative remedy request with the warden at the Federal Correctional Institution in Milan, Michigan, where he was incarcerated at the time. The warden denied Petitioner's request for relief on the ground that the offense conduct for his conviction rendered him ineligible for early release.  *See* Response to Request for Administrative Remedy, dated 1/21/00, attached as Ex. 5 to Respondent's Answer.

Petitioner appealed the warden's decision to the Regional Office.  The appeal was denied.  *See* Regional Administrative Remedy Appeal Response, 2/26/09, attached as Ex. 6 to Respondent's Answer.  Petitioner did not file an appeal with the Central Office.

Petitioner then filed the pending petition for a writ of habeas corpus, arguing that he had been improperly denied early release benefits.  Respondent has filed a motion to dismiss.

**II.**

Respondent has filed a motion to dismiss on the ground that the petition is moot because the BOP has now determined that Petitioner's current offense does not preclude early release. On May 14, 2009, Petitioner's eligibility status was changed and he is now considered provisionally eligible for early release if he successfully completes the program.

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v.*

*Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Petitioner has received the relief sought in his petition, eligibility for early release benefits upon successful completion of the RDAP program. Therefore, the redress sought in the petition has been provided. In response to the motion to dismiss, Petitioner does not dispute that his change in status has rendered his petition moot, but argues that, before dismissing the petition, the Court should order him released to a halfway house, as he would have been had his participation in the program not been interrupted.

The Federal Bureau of Prisons maintains an Inmate Locator Service, which may be accessed through the Bureau of Prisons' official website (www.bop.gov). The Inmate Locator Service enables the public to track the location of federal inmates. The Court is permitted to take judicial notice of information on the Inmate Locator Service. *See* Fed. R. Evid. 201(c); *Marshek v. Eichenlaub*, No. 07-1246, 2008 WL 227333, *1 (6th Cir. January 25, 2008); *Hill v. Eichenlaub*, No. 06-CV-13711, 2007 WL 772913, * 1 (E.D. Mich. March 12, 2007). The Inmate Locator Service indicates that Petitioner is now released to a halfway house or community corrections center (CCC). Because Petitioner has been placed in a CCC, the Court concludes that there remains no actual injury which the Court could redress with a favorable decision.

The Court finds that the petition no longer presents a justiciable case or controversy. Therefore, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the matter is **DISMISSED**.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: February 3, 2010

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Morris Waller by electronic means or U.S. Mail on February 3, 2010.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |